**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



**Russ Kendig
United States Bankruptcy Judge**

**Dated: 04:52 PM January 23, 2014**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| | ) | |
| DOUGLAS ALLAN GAUT, | ) | CASE NO. 13-60603 |
| | ) | |
| Debtor. | ) | JUDGE RUSS KENDIG |
| | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| | ) | **(NOT FOR PUBLICATION)** |

    Toby L. Rosen, the chapter 13 trustee ("Trustee") objects to confirmation of Debtor's amended plan, arguing Debtor is not contributing his projected disposable income into the plan. She contends he is an above-median debtor who must commit to a sixty month chapter 13 plan, which Debtor denies. The parties cannot reach agreement because they disagree on the size of Debtor's household. Trustee argues for a household size of three while Debtor argues for six. The court held a hearing on October 23, 2013 and issued a briefing schedule at the conclusion of the hearing. Both parties have filed a legal memorandum in support of their positions.

    The court has jurisdiction of this case under 28 U.S.C. § 1334 and the order of reference, General Order 2012-7, dated April 4, 2012. In accordance with 28 U.S.C. § 1409, venue in this district and division is proper. The following constitutes the court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052.

1

This opinion is not intended for publication or citation.   The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

## BACKGROUND

Debtor, a married man, filed an individual chapter 13 petition on March 15, 2013.   When he filed, six people lived in his house:   Debtor, his non-filing spouse, his nineteen year old son, his twenty-one year old daughter, her husband, and their infant child.   The only income disclosed on Schedule I was Debtor's permanent retirement disability, in the amount of $2,929.00 per month, and his wife's net wages of $2,074.00 per month.[1]   In 2012, Debtor filed a joint tax return with his wife and claimed his son as a dependent.

## DISCUSSION

Trustee argues that household size should be counted according to IRS dependency status.   Debtor urges the court to adopt the Census Bureau "heads on beds" count or, alternatively, the economic unit approach.   Since the parties filed their briefs, the court has decided this issue, electing to use the economic unit approach.   In re Skiles, Case No. 13-61565 (Bankr. N.D. Ohio January 9, 2014).

In adopting the economic unit approach, the court also adopted a rebuttable presumption that "an individual [] listed as a dependent on the debtor or the debtor's non-filing spouse's most recent income tax return . . . is presumed to be a member of the debtor's bankruptcy 'household.'" Skiles at 10.   Applying this presumption results in a household size of three.   However, because Skiles had not been entered when the parties submitted their briefs, neither party had a chance to either support or rebut the presumption.   For this reason, the court will schedule a further hearing to discuss how the parties want to proceed in light of Skiles.

An order consistent with this opinion will be entered immediately.

#       #       #

**Service List:**

Erin R Kick
KICK & GILMAN
133 South Market St.
Loudonville, OH 44842

Toby L Rosen, Trustee
400 W Tuscarawas St
Charter One Bank Bldg, 4th Floor
Canton, OH 44702

---

1 Trustee's income figures differ slightly from these figures but that issue is not before the court.